## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CORDELIA JOHNSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0802**  (BOR Appeal No. 2048053)
(Claim No. 2011006040)

**STARLIGHT BEHAVIORAL**
**HEALTH SERVICES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Cordelia Johnson, by Timothy Eves and Omar Ahmad, her attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Starlight Behavioral Health Services, Inc., by Matthew Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 5, 2013, in which the Board affirmed a December 17, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 17, 2011, decision granting Ms. Johnson no award for permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Johnson was injured on August 14, 2010. Immediately following the injury, she presented at Cabell Huntington Hospital's emergency department complaining of right chest pain after slipping and falling, and was diagnosed with a chest wall contusion. On August 23, 2010, an Employee's and Physician's Report of Injury was completed listing the chest wall as the body part injured, and listing the injury as a chest wall contusion. The claims administrator held the claim compensable for a chest wall contusion and unspecified contusion on September 2, 2010.

1

On September 7, 2010, Ms. Johnson began complaining of right shoulder pain and was later diagnosed with a rotator cuff tear. On February 3, 2011, the claims administrator denied Ms. Johnson's request to add right rotator cuff syndrome as a compensable component of the claim. Subsequently, the claims administrator denied authorization for numerous requests for medical treatment relating to the right shoulder.

On September 15, 2011, Robert Walker, M.D., performed an independent medical evaluation and opined that Ms. Johnson has 12% whole person impairment for range of motion abnormalities in the right shoulder and 0% whole person impairment for the chest wall contusion. On September 27, 2011, the claims administrator issued a letter to Dr. Walker stating that the right shoulder is not a compensable component of the instant claim and requesting that he issue an addendum to his report with information regarding only the amount of whole person impairment arising from Ms. Johnson's compensable injury. Dr. Walker issued an addendum report on October 7, 2011, and opined that Ms. Johnson sustained 0% whole person impairment as a result of her compensable chest wall injuries.

On October 17, 2011, the claims administrator granted Ms. Johnson a 0% permanent partial disability award. In its Order affirming the October 17, 2011, claims administrator's decision, the Office of Judges held that prior rulings of the claims administrator have established that the right shoulder is not a compensable component of the instant claim, and further held that Ms. Johnson has no permanent impairment as a result of her compensable chest wall contusion. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of July 5, 2013.

The Office of Judges found that the issue of compensability has been fully litigated in the instant claim, and the only conditions which have been held compensable are contusion of the chest wall and unspecified contusion. As noted by the Office of Judges, compensability of the right shoulder was specifically denied and Ms. Johnson did not appeal this decision. Moreover, treatment for the right shoulder has been consistently denied by the claims administrator and Ms. Johnson did not appeal those decisions. Although Dr. Walker opined that Ms. Johnson has 12% whole person impairment for range of motion abnormalities in the right shoulder, the issue of compensability of the right shoulder has been fully litigated and compensability has been denied. Dr. Walker, whose independent medical evaluation is the only one of record, has opined that Ms. Johnson sustained 0% whole person impairment as a result of her compensable injuries.

We agree with the reasoning and conclusions of the Office of Judges, which were affirmed by the Board of Review. The evidentiary record demonstrates that Ms. Johnson sustained 0% whole person impairment as a result of her compensable injuries.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II